UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                         Case No.:     8:22-bk-00103-CED
Senior Care Living VII, L.L.C.        Chapter:      11
      Debtor.
_____/

## UNITED STATES TRUSTEE OBJECTION TO ESTATE FIDUCIARY'S MOTION FOR ORDER (A) FOR AUTHORITY TO OBTAIN POST-PETITION FINANCING AND (B) PROVIDING FIRST PRIORITY LIENS AND SECURITY INTERESTS AND ADMINISTRATIVE EXPENSE STATUS

This Honorable Court should deny the estate fiduciary's Motion for Order (Doc. No. 119) seeking authority to obtain post-petition financing and providing first priority liens as well as administrative expense claim status as the Motion is premature and fails to provide adequate due process. Under Federal Rule of Bankruptcy Procedure 4001(c)(1)(A), the Motion "shall be accompanied by a copy of the credit agreement and a proposed form of order." Neither the DIP Loan Documents nor a proposed form of order are attached to the Motion. Instead, footnote 3 of the Motion provides a clause that should cause pause:

> The Motion attempts to summarize the terms of the anticipated DIP Loan Documents. In the event of a conflict between the terms of the DIP Loan Documents and the Motion, the terms of the DIP Loan Documents shall control.
>
> Mot. pg. 5, fn. 3 (Doc. No. 119).

Here, even before the estate fiduciary filed the Motion, it orally sought and obtained a reduction of time for all parties in interest to respond to the Motion. *See* (Doc. Nos. 114 and 116). Once the response time was shortened, the estate fiduciary then prevented any meaningful opportunity to review the DIP Loan Documents. The U.S. trustee held off filing this instant objection in expectation that the estate fiduciary to finally comply with Federal Rule of Bankruptcy Procedure 4001(c)(1)(A) and file the DIP Loan Documents in so that parties could meaningfully review the DIP Loan Documents prior to the deadline to object. Alas, this Constitutional due process objection is now lodged at the closing of the deadline to object—without any disclosure of the DIP Loan Documents.

Because the estate fiduciary failed and refused to comply with 11 U.S.C. § 364 and Federal Rule of Bankruptcy Procedure 4001(c)(1)(A), the U.S. trustee reserves her myriad of objections arising from the problems noted under the 'term sheet' that is not even binding upon any party and would not be what would be authorized and approved by this Court as the non-existent DIP Loan Documents "shall control."

The U.S. trustee preserves her right to file a supplemental objection—once the estate fiduciary complies with Federal Rule of Bankruptcy Procedure 4001(c)(1)(A). Were the estate fiduciary to finally comply with Federal Rule of Bankruptcy Procedure 4001(c)(1)(A) and file a copy of the fully executed DIP

Loan Documents—the U.S. trustee will ask for continuance of the hearing that will be on no less than 14 days' notice as required under Federal Rule of Bankruptcy Procedure 4001(c)(2), and reduction is proscribed under Federal Rule of Bankruptcy Procedure 9006(c)(2). Additionally, the U.S. trustee preserves and does not waive her right to raise and be heard on any issue at the hearing.

WHEREFORE PREMISES CONSIDERED the United States Trustee for Region 21 respectfully prays that this Honorable Court sustain her Constitutional due process objection and deny the estate fiduciary's Motion for Order, and for such other and additional relief as is appropriate in this matter.

Dated: 27 May 2022

        Respectfully submitted,

        Mary Ida Townson
        U.S. TRUSTEE, REGION 21

By:   /s/ J. Steven Wilkes (Ala Bar #: WIL-278)
      Trial Attorney
      U.S. Department of Justice
      Office of the U.S. Trustee, Region 21
      501 East Polk Street, Suite 1200
      Tampa, Florida 33602
      (813) 228-2000 / fax (813) 228-2303
      steven.wilkes@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically, or by United States mail postage prepaid, to the following on or before 27 May 2022:

Electronic Mail:     Michael C. Markham, Counsel to Estate Fiduciary

        /s/ J. Steven Wilkes